(22 Misc. Rep. 565.)

## BOHMER v. HAFFEN et al.

(Supreme Court, Special Term, New York County. February, 1898.)

1. STATUTES—TITLE—CONSTITUTIONALITY.
    Laws 1863, c. 361, authorizing the construction of street railways in certain towns, is not unconstitutional, as embracing more than a single subject, when but one section, which provides for the extension of the road, relates to a subject not mentioned in the title, and such section is capable of being declared unconstitutional independent of the rest of the act.
2. SAME—AMENDMENT.
    Laws 1892, c. 340, amending Laws 1863, c. 361, entitled "An act to authorize the construction of railways and tracks in the towns of Westfarms and Morrisania," by providing for the consolidation of railroad corporations authorized by the act of 1863, is not unconstitutional, as the amendment is within the reasonable scope of the subject contained in the title of the original act.
3. SAME—RAILROADS—CREATION—SPECIAL ACT.
    Laws 1892, c. 340, providing for the consolidation of railway corporations, is not unconstitutional, as creating a railroad by a special, instead of a general, law.
4. SAME.
    An act creating a railway corporation is not rendered unconstitutional by the act of the corporation in constructing a road not authorized by its charter.
5. SAME.
    Corporations formed under Laws 1863, c. 361, were consolidated under an amendment thereto. *Held,* that the amendment was not unconstitutional

on the ground that it dissolved the original company ·and created a new corporation with a different name.

6. STREET RAILWAYS—CONSTRUCTION.

Laws 1863, c. 361, authorizing the construction of a street railway, required that the road be completed within 12 months. With the exception of extensions authorized by one section of the act, the road was completed as required. *Held*, that Laws 1850, c. 140, § 47, requiring railroads to be completed within 10 years, had no application to those portions of the .road completed as required by the act authorizing its construction.

7. SAME—CHARTER—FORFEITURE.

A street-railway company's charter was not forfeited because it failed to complete its line within 10 years as required by Laws 1850, c. 140, § 47, when more than 10 years after the passage of an act authorizing the construction of the road the legislature, by enactments, recognized the existence of a corporation formed under it, and ratified all proceedings of the company under the act and its amendments.

8. SAME—OPERATION—LOCAL AUTHORITIES.

A railway corporation obtained the consent of the common council to operate its lines as required by Laws 1892, c. 676, §§ 91, 92. *Held*, that the company's existence was not affected by its failure to get the consent of a local authority, which had not been created at the time of the passage of the act requiring such consent.

Action by Ferdinand Bohmer, Jr., against Louis F. Haffen, commissioner of street improvements, and others, to declare illegal certain permits granted by said Haffen as commissioner of streets to the Union Railway Company. Complaint dismissed.

James A. Deering, for plaintiff.

Sheehan & Collin, for defendant Union Ry. Co.

John Whalen, Corp. Counsel, for defendants Haffen and city of New York.

TRUAX, J. It is claimed by the plaintiff that chapter 361, Laws 1863, is unconstitutional, because it embraces more than a single subject. The only portion of this act that relates to a subject not mentioned in its title is section 9, and this section may be declared to be unconstitutional without affecting the legality of the other portions of the act, or the existence of the defendant the Union Railway Company. Section 9 is entirely independent of the other sections, and provides for an extension of the road, the building of which is authorized by the other sections, and may easily be separated from such sections. Without this section the act is complete in itself, and constitutional. Bridge Co. v. Smith, 148 N. Y. 540, 42 N. E. 1088. Moreover, an act which has stood as long as this act has stood should be declared unconstitutional by a trial court only when the question is without doubt.

The act of 1892 (chapter 340, Laws 1892) is not unconstitutional. The amendments provided for in this act were amendments within the reasonable scope of the subject named in the title of the original act. They were fairly and reasonably connected with the subject of the original act, and, therefore, may properly be incorporated in the act, and are germane to its title. Wilcox v. Baker, 22 App. Div. 299, 47 N. Y. Supp. 900; People v. Briggs, 50 N. Y. 553.

Nor is it unconstitutional because it creates a railroad by a special, instead of a general, law. It does not "create" a railroad, it simply

authorizes the consolidation of two or more railroads, and such an act has been held to be constitutional. Sandham v. Nye, 9 Misc. Rep. 541, 30 N. Y. Supp. 552, and cases there cited. The powers and rights of the roads consolidated are defined by the acts creating them. The fact (if it be the fact) that the said defendant is constructing a railroad which its charter does not authorize it to construct furnishes no reason for declaring the act creating it unconstitutional. Nor does the fact that the act of 1892 dissolved the original company, and created a new corporation with a new name, render that act unconstitutional. The very thing was done by the act which was declared constitutional in Sandham v. Nye, supra.

It is claimed by the plaintiff that the charter of the original company lapsed because the road was not completed within 10 years as required by section 47 of the general railroad law. Chapter 140, Laws 1850. Section 4, c. 361, Laws 1863 (the act creating the original company), provides that a certain portion of the railroad shall be completed in 6 months, and a certain other portion in 12 months, from the passage of the act. It also provides that:

"If the said corporation is delayed in commencing or completing the said railroad by any other cause than its own act, the time during which such delays continue shall not be included in such period."

The evidence shows that that portion of the said railroad mentioned in the first eight sections of the act of 1863 was completed within the time mentioned in that act, and therefore section 47 of the general act, even if it does apply to that portion of the railroad mentioned in the ninth section of the act of 1863, does not apply to those completed portions of the road. But the legislature, by acts passed more than 10 years after the passage of the act of 1863, namely, on the 15th day of May, 1873, the 22d day of May, 1874, the 13th day of May, 1875, and the 20th day of April, 1892, recognized the existence of the corporation formed under the act of 1863, and granted to it other and further powers than those given to it by that act; and by an act passed as late as May 9, 1894, approved, ratified, and confirmed any and all proceedings taken in substantial compliance with the provisions of chapter 361, Laws 1863, as amended. By these acts, the legislature waived all forfeitures that existed at the time of their passage, if any such there were. The state which imposed the conditions may waive their performance. In re New York El. R. Co., 70 N. Y. 327.

It is also claimed by the plaintiff that the defendant corporation has not a legal existence, because the consent of the local authorities was not obtained, as required by sections 91 and 92 of the railroad law (chapter 676, Laws 1892). This claim cannot be sustained, because the local authority referred to by the plaintiff was not in existence when the acts relating to the corporation were passed, and also because the act of 1892 does not class the person referred to by the plaintiff as a local authority, among those whose consent is necessary to the existence of the corporation. The act of 1892 (section 91) provides, in effect, that in the city of New York the common council shall be the local authority whose consent must first be obtained, and the evidence in this case shows that such consent has been obtained.

There are many other claims made by the plaintiff against the existence of the defendant corporation, but most of them are based upon grounds which I have held to be untenable. The others are not of sufficient importance to merit a discussion. The acts incorporating the defendant railroad have frequently been before the courts of this state, and never have been declared unconstitutional, although their constitutionality has been attacked. The complaint is dismissed, with costs. Judgment to be entered on notice.

Complaint dismissed, with costs.